

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Neil J. Gilligan
County Auditor
Uvalde County
Uvalde, Texas

Dear Sir:

> Opinion No. O-1756
> Re: May taxes paid under mistake
> of fact be refunded.

We have your letter of December 1, 1939, which reads as follows:

> "The following situation has arisen in this county: A man rendered 134 acres of land for taxation for a number of years to the State and County; he has now discovered that he does not own the land and that in fact the land does not exist. In other words, that he was rendering land under the mistaken belief that he owned it.

> "Under the above facts I would like to know if it is possible for the county and state, or either of them, to refund the taxes which the man has paid?"

The courts of Texas have consistently held, in accordance with the general rule in other jurisdictions, that taxes which have been voluntarily paid by mistake of fact may not be recovered. We shall quote but a few of the authorities announcing this rule of law.

26 Ruling Case Law at page 455:

> "An action will not lie to recover back taxes paid under a mistake of fact, as when an

Honorable Neil J. Gilligan, Page 2

owner of property by mistake pays the taxes
of another, or when a taxpayer in one district
voluntarily pays a tax for another district
levied by mistake on his lands."

Stayton, Chief Justice, speaking for the Supreme
Court of Texas in County of Galveston vs. Galveston Gas Co.
(1889) 72 Tex. 590, at page 513, 10 S. W. 583:

"This action is for money had and received,
and there can be no doubt that in order to
maintain it it must appear that the tax was
illegal and void and not merely irregular,
that it was not voluntarily paid. . . ."
(Underscoring ours)

Critz, Justice, in the case of Austin National
Bank vs. Sheppard (Com. of App. 1934), 123 Tex. 272,
71 S. W. (2d) 242, said:

"A person who voluntarily pays an il-
legal tax has no claim for its repayment.
26 R. C. L. 455; City of Houston vs. Freeser,
76 Tex. 365; Galveston City Co. vs. City of
Galveston, 56 Tex. 486; Gaar Scott & Co.
vs. Shannon, 115 S. W. 361, and authorities
cited on page 364. This case was affirmed
by the United States Supreme Court, 223 U. S.
468."

Whereas this rule might at first blush seem un-
necessarily harsh, the sound reason and public policy be-
hind it has been well stated by Cooley in the following
passage quoted by Chief Justice Stayton in City of Houston
vs. Jacob Freeser, 76 Tex. 365 at page 367:

"That a tax voluntarily paid cannot be
recovered, though it had not the semblance of
legality, is well settled; and as said by an
elementary writer, 'every man is supposed to
know the law, and if he voluntarily makes a
payment which the law would not compel him
to make, he cannot afterwards assign his
ignorance of the law as the reason why the
State should furnish him with legal remedies
to recover it back. . . . Mistake of fact can
scarcely exist in such a case except in con-
nection with negligence, as the illegalities
which render such a demand a nullity must
appear from the records, and the tax payer
is just as much bound to inform himself what

Honorable Nell J. Gilligan, Page 3

the records show as are the public authorities. The rule of law is a rule of sound public policy also; it is a rule of quiet as well as of good faith, and precludes the courts being occupied in undoing the arrangements of parties which they have voluntarily made, and into which they have not been drawn by fraud or accident, or by any excusable ignorance of their legal rights and liabilities.' Cooley on Tax 809."

Applying the rule of law announced by the foregoing authorities to the situation presented in your letter, we are constrained to answer your question in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Walter R. Koch*
Walter R. Koch
Assistant

WRK:CO

APPROVED DEC 9, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *Bob*
CHAIRMAN